O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2314 AHM (RCx) | | Date | July 13, 2009 |
|---|---|---|---|---|
| Title | SHAHROD BEHDJOU V. US BANCORP, *et. al* | | | |

| Present: The Honorable | A. Howard Matz | | |
|---|---|---|---|
| Stephen Montes | | N/A | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| No Appearance | | No Appearance | |

**Proceedings:** In Chambers

　　Defendants US Bancorp and US Bank National Association (collectively "US Bank") and Defendant Secured Bankers Mortgage Company ("SBMC") have filed motions to dismiss the claims against them. Plaintiff Shahrod Behdjou, who is now proceeding *pro se*, has not filed an opposition and did not appear at the hearing. "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7-12. Moreover, the motions are meritorious. For the reasons stated below, the Court GRANTS SBMC's motion to dismiss, with leave to amend being granted only for the fraud claim,[1] and the Court GRANTS US Bank's motion without leave to amend.[2] If Plaintiff has a basis to pursue a fraud claim against SBMC, Plaintiff must file an amended complaint by not later than July 22, 2009. If he does not file an amended complaint by that date, the fraud claim will be dismissed with prejudice.

## I. FACTUAL BACKGROUND

　　The procedural history of this action is recited in the Court's June 8, 2009 order. The essential factual allegations are as follows. Plaintiff retained Defendant First Olympus Residential, Inc. ("Olympus") to act as his mortgage broker and agent in negotiating the terms of a mortgage loan. FAC ¶¶ 7, 13-15, 56. Olympus prepared and submitted a loan application to SBMC in June 2006. *Id.* ¶ 17. On or about June 15, 2006, Plaintiff executed a promissory note payable to SBMC in the principal amount of

---

[1] Docket No. 24.

[2] Docket No. 23.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2314 AHM (RCx) | Date | July 13, 2009 |
|---|---|---|---|
| Title | SHAHROD BEHDJOU V. US BANCORP, *et. al* | | |

$1 million, a loan secured by deed of trust against Plaintiff's residential property at 5111 Melvin Avenue in Tarzana. *Id.* ¶¶ 17-18.

Plaintiff alleges that "Defendants failed to advise [him] of the terms of the loan. Among other things, SBMC paid and Olypmus [sic] accepted a $32,500 rebate" or "kickback." FAC ¶ 19. Plaintiff further alleges that an unidentified "Defendant" failed to provide him with a mortgage loan disclosure statement, a "good faith estimate," and a disclosure of the compensation to be earned by the mortgage broker, including "any yield/spread premium," in violation of California Business and Professions Code section 10240 *et seq. Id.* ¶ 19. He alleges that Olympus "steered [him] into a high-cost loan that he could not afford." *Id.* ¶ 21.

The Court takes judicial notice of a two-page document that is signed by Plaintiff and dated May 30, 2006. SBMC's Req. for Judicial Notice, Ex. A. The document is entitled "Mortgage Loan Disclosure Statement/Good Faith Estimate." On the first page it contains a "good faith estimate of closing costs" and discloses compensation from the lender to the broker in the amount of $32,500.

On or about May 2, 2007, the FAC alleges, "Defendants recorded a notice of default" on the loan. FAC ¶ 23. But "Defendants failed to send, by registered or certified mail, a copy of the notice of default showing the date of recordation" to Plaintiff. *Id.* ¶ 24. Subsequently, Defendants gave notice of intent to sell Plaintiff's property and on June 9, 2008, the property was sold at a trustee's sale to US Bank. *Id.* ¶¶ 25-26. Plaintiff alleges that US Bank was the only bidder and very little bidding took place, and that the price US Bank paid for the property was substantially less than the market price. *Id.* ¶¶ 27-28. The Court takes judicial notice of the Deed of Trust dated June 15, 2006, the Notice of Default recorded May 2, 2007, the Notice of Trustee's Sale recorded August 9, 2007, and the Trustee's Deed Upon Sale dated June 9, 2008 and recorded July 11, 2008. US Bank's Req. for Judicial Notice, Exs. 2, 4-6. Plaintiff "offers to tender to US Bank all amounts due and owing so that the claimed default may be cured and he may be reinstated to his former rights and privileges under the deed of trust." FAC ¶ 30.

US Bank subsequently filed an unlawful detainer action and obtained a judgment and writ of possession against Plaintiff. The Court takes judicial notice of the state court docket sheet for the unlawful detainer action. SBMC's Req. for Judicial Notice, Ex. B.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2314 AHM (RCx) | Date | July 13, 2009 |
|---|---|---|---|
| Title | SHAHROD BEHDJOU V. US BANCORP, *et. al* | | |

## II. SBMC's Motion to Dismiss

SBMC is named in three of the nine claims in the FAC: The Truth In Lending Act claim (claim 2), the California Business and Professions Code section 17200 claim (claim 7) and the fraud claim (claim 9).

### 1. Truth In Lending Act (TILA)

Plaintiff alleges that "Defendants violated TILA, by, among other things, failing to provide a disclosure of information to [him.] These companies failed to give proper notice to Ms. [sic] Behdjou of his right to rescind the transaction where it did not provide two copies of the notice of rescission. Defendants also provided this notice after the funding of the loan." FAC ¶ 42. Plaintiff does not specify whether he is seeking damages, rescission, or both under TILA.

Given that there is no prayer for damages under TILA, and only a proffer to tender the amounts owing on the loan, the Court construes Plaintiff's TILA claim to seek only rescission. (If Plaintiff were seeking damages, he would barred by TILA's one-year statute of limitations for damages claims. 15 U.S.C. § 1640(e).) Plaintiff's right to rescission expired upon the sale of the property to US Bank. 15 U.S.C. § 1635(f). Thus, the TILA claim is dismissed without leave to amend.

### 2. California Business and Professions Code section 17200 (Unfair Competition Law, or "UCL")

Plaintiff alleges that Defendants' failure to comply with the disclosure requirements of TILA, RESPA and the California Civil Code constitute unlawful business practices within the meaning of California's UCL. The only unlawful predicate violation asserted against SBMC is the TILA violation. Because Plaintiff cannot state a TILA claim, as explained above, his UCL claim also fails. The Court dismisses the UCL claim without leave to amend.

### 3. Fraud

In his eighth cause of action, Plaintiff alleges that "Olympus and SBMC

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2314 AHM (RCx) | Date | July 13, 2009 |
|---|---|---|---|
| Title | SHAHROD BEHDJOU V. US BANCORP, *et. al* | | |

intentionally concealed the true nature of the rebate of $32,500.00. It was listed as a simple cost of the transaction when it was in fact an illegal referral fee or kickback from SBMC to Olympus." FAC ¶ 68. He also alleges that Olympus had "a duty to disclose the fact." *Id.* ¶ 69.

Plaintiff's claim for fraudulent concealment does not satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b). He has not differentiated between the conduct of Olympus and SBMC. The allegations are confused and contradictory. Plaintiff admits that the broker's compensation of $32,500 was "listed" -- that is, disclosed. That fact is demonstrated in Exhibit A to SBMC's Request for Judicial Notice. What Plaintiff complains as being fraudulent is that Olympus and SBMC failed to disclose the *illegal nature* of that compensation. The "fact" that these defendants allegedly did not disclose is actually a legal conclusion that is dependent on the merits of Plaintiff's first cause of action. In that cause of action, he alleges that Olympus violated the California Civil Code when it received a fee which it did not reasonably earn. FAC ¶¶ 34-35. But Plaintiff does not allege that SBMC knew that the fee supposedly was illegal or excessive.

Given that the legality of the fee turns on whether the fee was reasonably earned by Olympus in the performance of its broker services, the Court has little confidence that Plaintiff can in good faith allege that SBMC knew that the fee was excessive. Nonetheless, the Court will permit Plaintiff to amend his fraud claim -- but he should be aware of Federal Rule of Civil Procedure 11.

### III.   US Bank's Motion to Dismiss or, In the Alternative, For a More Definite Statement

Plaintiff asserts four claims against US Bank, the bona fide purchaser of the property at the non-judicial foreclosure sale: Setting aside sale (claim 3), cancellation of deed (claim 4), quiet title (claim 5), and injunction (claim 9). An injunction is not a cause of action, so on that basis claim 9 is dismissed.

In claims 3, 4, and 5, Plaintiff challenges the validity of the trustee's sale. Plaintiff alleges that the sale was invalid because he did not receive notice of the default by registered or certified mail, because there were few bidders at the public auction, and

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2314 AHM (RCx) | Date | July 13, 2009 |
|---|---|---|---|
| Title | SHAHROD BEHDJOU V. US BANCORP, *et. al* | | |

because the sale price was lower than the market price. FAC ¶¶ 24, 44.

US Bank argues that Plaintiffs' allegations fail to satisfy an essential requirement to set aside a trustee's sale of property to a bona fide purchaser: Plaintiff has not alleged an ability to tender the full amount due under the promissory note: $1,175,484.44 at the time of the foreclosure sale. In paragraph 30 of the FAC Plaintiff is vague as to whether he is offering to tender only the outstanding payments on the loan or the entire amount of the indebtedness. It appears to be the former, since he refers to curing the default and getting "reinstated to his former rights and privileges under the deed of trust."

To have a trustee's sale set aside and to have title restored in an action in equity challenging the validity of the sale, Plaintiff must pay, or offer to pay, the secured debt. Harry D. Miller & Marvin B. Starr, *California Real Estate*, § 10:212 (3d ed., rev. 2008). The Court may in its discretion permit a plaintiff to set aside a foreclosure sale on condition that payment be made after entry of judgment or it may waive the tender requirement where it would be inequitable to impose this condition. *Id.* In this case, there are no allegations of wrongdoing on US Bank's part, nor any specific allegations of gross improprieties in the conduct of the sale. Hence, there is no equitable basis to relax the tender requirement.

The loan has been extinguished by the foreclosure sale, so reinstatement of the status quo prior to Plaintiff's default is not possible. To be able to pursue this action against US Bank, Plaintiff must at least allege a valid and viable tender of the full amount of the debt. *See Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal.App. 3d 112, 117 (Ct. App. 1971) (a "valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."). To put it plainly, since Plaintiff cannot in good faith represent that he has the ability to come up with the money, the claims against US Bank are dismissed without leave to amend.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |